UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GUSTAVO MORENO,<br><br>　　　　　Petitioner,<br><br>　　v.<br><br>UNITED STATES OF AMERICA,<br><br>　　　　　Respondent. | Case No. 1:18-cv-01071-DAD-JDP (HC)<br><br>FINDINGS AND RECOMMENDATIONS TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS AT SCREENING FOR LACK OF JURISDICTION<br><br>ECF No. 1<br><br>OBJECTIONS DUE IN 14 DAYS |

Petitioner Gustavo Moreno, a federal prisoner without counsel, seeks a writ of habeas corpus under 28 U.S.C. § 2241. He seeks reduction of his sentence, arguing that California's legalization of marijuana invalidates his prior drug convictions that made him as a career offender under Section 4B1.1 of the United States Sentencing Guidelines ("Guidelines"). Petitioner does not claim actual innocence as required. In addition, his career offender status was not based on any prior conviction pertaining to marijuana, but methamphetamine. We recommend that the court dismiss the petition at screening.

**I.　　Section 2241**

Following the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Section 2241 is generally used for challenging the execution of a sentence, and a federal prisoner challenging the legality of his detention generally must do so under Section 2255. *See Hernandez v. Campbell*, 204 F.3d 861, 864 (9th Cir. 2000). In rare circumstances, however,

a habeas petitioner challenging the legality of his detention may rely on what is known as the savings clause of Section 2255 and file a petition under Section 2241, the old habeas provision, by showing that the remedy under Section 2255 is "inadequate or ineffective." *See Ivy v. Pontesso*, 328 F.3d 1057, 1059 (9th Cir. 2003) (quoting 28 U.S.C. § 2255(e)); *Hernandez*, 204 F.3d at 864. The petitioner can show that his remedy under Section 2255 is inadequate or ineffective if he "(1) makes a claim of actual innocence, and (2) has not had an unobstructed procedural shot at presenting that claim." *Stephens v. Herrera*, 464 F.3d 895, 898 (9th Cir. 2006). Failure to satisfy either of these requirements is a jurisdictional defect. *See Marrero v. Ives*, 682 F.3d 1190, 1194-95 (9th Cir. 2012); *Hernandez*, 204 F.3d at 865. Here, petitioner has not satisfied the first requirement.

A claim of actual innocence requires a habeas petitioner to show that "in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." *Marrero*, 682 F.3d at 1193; *see also Bousley v. United States*, 523 U.S. 614, 623 (1998). "'Actual innocence' means factual innocence, not mere legal insufficiency." *Marrero*, 682 F.3d at 1193 (quoting *Bousley*, 523 U.S. at 623). An argument that a petitioner has been erroneously treated as a career offender is a "purely legal claim that has nothing to do with factual innocence," and it is incognizable for the purposes of a Section 2241 petition. *See id.* The Ninth Circuit has not held that a Section 2241 habeas claim challenging a noncapital sentencing enhancement is cognizable. *See id.* at 1194.

Here, petitioner does not claim actual innocence. Petitioner's argument is purely legal: he argues that his prior convictions cannot enhance his sentence, but not that he is factually innocent. Accordingly, petitioner has not satisfied the actual-innocence requirement, and we lack jurisdiction to grant habeas relief. *See id.* at 1194-95.

**II.  Cognizable Claim**

Plaintiff contends that he is no longer a career offender under Section 4B1.1 of the Guidelines. *See* ECF No. 1 at 2-4. He argues that because California state courts have reclassified prior marijuana convictions from felonies to misdemeanors, this change of state law invalidates the predicate offenses that qualified him as a career offender at sentencing. *See id.* at

2

3, 12-13.[1] Petitioner fails to state a cognizable claim for two reasons.

First, California state courts' reclassification of a prior conviction does not alter petitioner's status under Section 4B1.1 of the Guidelines. The federal courts that have considered the issue has rejected petitioner's position. *See Mejia v. United States*, No. 13-cr-3572, 2018 WL 3629947, at *3 (S.D. Cal. July 31, 2018) (citing U.S.S.G. § 4B1.1 cmt. n.4); *United States v. Ochoa-Garcia*, No. 97-cr-77, 2017 WL 4532489, at *3 (D. Nev. Oct. 10, 2017) (rejecting a habeas claim predicated on Proposition 64 challenging career offender status under § 4B1.1 of the Guidelines).

Second, petitioner's prior conviction for possessing marijuana did not count toward his career offender status. *See* No. 1:11-cr-1188, ECF No. 114 at 10. His three prior convictions involving methamphetamine did. *See* No. 1:11-cr-1188, ECF No. 114 at 11-12, 20. Petitioner does not argue that these prior convictions no longer qualify as predicate offenses under Section 4B1.1 of the Guidelines, so we may not construct an argument for petitioner. *See Pliler v. Ford*, 542 U.S. 225, 226 (2004). Should petitioner choose to challenge those prior convictions, he should file a separate petition in a separate case.[2]

### III.     Certificate of Appealability

A petitioner seeking a writ of habeas corpus has no absolute right to appeal a district court's denial of a petition; he may appeal only in limited circumstances. *See* 28 U.S.C. § 2253; *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003); Ninth Circuit Rule 22-1(a); *United States v. Asrar*, 116 F.3d 1268, 1270 (9th Cir. 1997). "Where a petition purportedly brought under § 2241

---

[1] Petitioner does not identify the body of law that reclassified his prior convictions, but we infer that petitioner is referring to Proposition 64, also known as the Control, Regulate and Tax Adult Use of Marijuana Act. *See* Cal. Health & Safety Code § 11361.8(e); *United States v. Gilmore*, No. 18-cr-40, 2018 WL 5787305, at *3 (N.D. Cal. Nov. 2, 2018).

[2] We have insufficient information to assess whether petitioner's prior convictions still qualify as predicate offenses under *Mathis v. United States*, 136 S. Ct. 2243 (2016), and its predecessors. *See United States v. Ocampo-Estrada*, 873 F.3d 661, 667 (9th Cir. 2017) (discussing California prior conviction for possession of controlled substance for sale); *United States v. Renteria-Aguilar*, No. 16-50414, 2019 WL 1513639, at *1 (9th Cir. Apr. 8, 2019) (same). Given the jurisdictional defect, we need not decide whether those prior convictions still qualify petitioner as a career offender under the Guidelines.

is merely a "disguised" § 2255 motion, the petitioner cannot appeal the denial of that petition absent a COA." *Alaimalo v. United States*, 645 F.3d 1042, 1047 (9th Cir. 2011).

A certificate of appealability will not issue unless a petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This standard requires the petitioner to show that "jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El*, 537 U.S. at 327; *see Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The petitioner must show "something more than the absence of frivolity or the existence of mere good faith." *Miller-El*, 537 U.S. at 338.

Here, petitioner has not made a substantial showing of the denial of a constitutional right. Thus, the court should decline to issue a certificate of appealability.

## IV. Findings and Recommendations

We recommend that the court deny the petition for a writ of habeas corpus, ECF No. 1, and decline to issue a certificate of appealability.

These findings and recommendations are submitted to the U.S. District Court Judge presiding over this case under 28 U.S.C. § 636(b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within fourteen days of the service of the findings and recommendations, petitioner may file written objections to the findings and recommendations with the court and serve a copy on all parties. That document must be captioned "Objections to Magistrate Judge's Findings and Recommendations." The District Judge will then review the findings and recommendations under 28 U.S.C. § 636(b)(1)(C).

IT IS SO ORDERED.

Dated: May 20, 2019

UNITED STATES MAGISTRATE JUDGE

4